USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/11/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
JOHN LOFRANCO,                :
                              :
            Plaintiff,        :    12 Civ. 8664 (WHP)
                              :
      -against-               :    MEMORANDUM & ORDER
                              :
THE PORT AUTHORITY OF         :
NEW YORK AND NEW JERSEY,      :
                              :
            Defendant.        :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

       Plaintiff John LoFranco seeks a preliminary injunction barring Defendant, The Port Authority of New York and New Jersey, from using the Secure Worker Access Consortium ("SWAC") background screening criteria as a basis for denying him a security clearance to work at the World Trade Center site. LoFranco contends that the Port Authority arbitrarily denied him a security clearance in violation of his due process rights. For the following reasons, LoFranco's application for a preliminary injunction is denied.

## BACKGROUND

       After the terrorist attacks of September 11, 2001, the Port Authority designated the non-public areas of the World Trade Center site in Lower Manhattan as sensitive security areas. (Affidavit of Alan Reiss, dated Dec. 10, 2012 ("Reiss Aff.") ¶¶ 12-13.) On January 7, 2007, the Port Authority entered into a contract with SWAC to perform background screening on individuals seeking to work at the World Trade Center site. (Affidavit of Erik Ronningen, dated

Dec. 11, 2012 ("Ronningen Aff.") ¶ 9.) An applicant seeking a SWAC ID card is vetted under background screening criteria established by the Port Authority that are similar, but not identical to, standards promulgated by the Transportation Security Administration ("TSA"). See 49 C.F.R. §§ 1542.209, 1572.103. The TSA regulations provide that, in some circumstances, individuals convicted under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"), may not be disqualified from receiving a security clearance. And the TSA awards Transit Worker Identification Credential ("TWIC") cards pursuant to those regulations. (Affirmation of Leah M. Busby, dated Nov. 29, 2012 ("Busby Aff.") ¶ 16.) By contrast, any RICO conviction disqualifies an applicant under the SWAC background screening criteria. (Ronningen Aff. ¶ 20.) Despite the SWAC bar on RICO felons, TWIC cardholders automatically receive SWAC clearance. (Busby Aff. ¶ 16.) Nevertheless, the Port Authority reserves the right to revoke an access credential at its discretion for any lawful reason. (Reiss Aff. ¶ 26.)

In 1986, LoFranco was convicted under RICO. (Busby Aff. ¶ 11.) After serving a term of incarceration, he was released from prison on April 29, 1994. (Busby Aff. ¶ 11.) While LoFranco's RICO conviction does not necessarily render him ineligible for a security clearance under the TSA regulations, the conviction bars him from satisfying the SWAC screening criteria. He is ineligible for a TWIC card because the TSA does not control the World Trade Center site. (Busby Aff. ¶ 16.)

Since October 2011, LoFranco has been an employee of Eurotech Construction Corporation, a third-party contractor for the Port Authority performing carpentry and drywall work at the World Trade Center site. (Busby Aff. ¶ 8.) After undergoing a background check,

LoFranco received a SWAC card in September 2011, which expired on October 5, 2012. (Busby Aff. ¶ 9.)

When LoFranco applied to renew his SWAC card, Inquiries, Inc.—a third-party background screening company contracting with SWAC—denied his application on August 16, 2012, citing his prior RICO conviction. (Busby Aff. ¶¶ 10, 12.) Inquiries, Inc. first informed LoFranco that its decision was based on "criteria put forth by the . . . [TSA's] Disqualifying Criminal Offenses listed in 49 CFR [] 1542.209 and 1572.103." (Busby Aff. ¶ 12.) Later on, however, Inquiries, Inc. informed LoFranco's counsel that its decision was, in fact, based on the SWAC criteria. (Busby Aff. ¶ 13.) Although it appears that LoFranco disclosed his RICO conviction to SWAC from the beginning, SWAC did not provide this information to the third-party background screening company in connection with his first application. (Ronningen Aff. ¶ 28.) And the background screening company failed to uncover LoFranco's conviction until he sought to renew his SWAC card. (Ronningen Aff. ¶ 28.) Because access to secure work areas is necessary to perform his job, LoFranco's failure to obtain a SWAC card effectively precludes him from employment with Eurotech. (Busby Aff. ¶ 19.)

## DISCUSSION

### I. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). A district court "may grant a preliminary injunction if the moving party establishes (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to

make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc., 696 F.3d 206, 215 (2d Cir. 2012) (internal quotation marks omitted).

II.     Likelihood of Success on the Merits

LoFranco is unlikely to succeed on the merits of his claim that the Port Authority's denial of his application for a security clearance infringed his substantive due process rights. To the extent LoFranco also argues that the Port Authority violated his procedural due process rights, such a claim is similarly flawed.

A. Substantive Due Process

LoFranco contends that the Port Authority's implementation of background screening criteria, which are stricter than those provided in the TSA regulations, denied him substantive due process. Specifically, he argues that the Port Authority's imposition of stricter criteria reflects an arbitrary and irrational drafting error, evidenced by SWAC's public representation that its criteria are based on and comply with the TSA regulations, as well as its acceptance of TWIC cardholders.

"Generally speaking, for state action to be taken in violation of the requirements of substantive due process, the denial must have occurred under circumstances warranting the labels 'arbitrary' and 'outrageous.'" Kuck v. Danaher, 600 F.3d 159, 167 (2d Cir. 2010) (internal quotation marks and alteration omitted). "Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill advised." Cunney v. Bd. of Trustees of Vill. of Grand View, 660 F.3d 612, 626 (2d Cir. 2011) (internal quotation marks omitted).

Here, "whether authorized or not," the fact that the Port Authority's background screening criteria precluded a RICO felon from working at the World Trade Center site "is hardly outrageous or shocking." Kuck, 600 F.3d at 167. That is especially so because, regardless of the screening criteria, the Port Authority may rescind access privileges to the World Trade Center site at its discretion. (Reiss Aff. ¶ 30.) That LoFranco first received a SWAC card before his renewal application was denied is immaterial. The Port Authority's ultimate decision to deny security clearance to a RICO felon is not "so outrageously arbitrary as to constitute a gross abuse of governmental authority." Natale v. Town of Ridgefield, 170 F.3d 258, 259 (2d Cir. 1999).

B. Procedural Due Process

To the extent LoFranco advances a procedural due process claim, such a claim is equally unlikely to succeed on the merits. For a property interest to be "protected by procedural due process," a plaintiff "must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). An interest that can be "terminated at the whim of another person" is not protected by the Due Process clause. White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1062 (2d Cir. 1993).

The Port Authority may "grant[] or rescind[] access privileges to its non-public property to individuals at its discretion." (Reiss Aff. ¶ 30.) Given the breadth of that discretion, LoFranco's purported property interest merely constitutes a "unilateral expectation" and is not constitutionally protected. Roth, 408 U.S. at 577. Accordingly, LoFranco is unlikely to succeed on a procedural due process claim.

III.   <u>Balance of Hardships</u>

For the reasons stated above, LoFranco does not raise "sufficiently serious questions going to the merits to make them a fair ground for litigation[.]" <u>Christian Loubuotin</u>, 696 F.3d at 215. But even if he did, he fails to demonstrate "a balance of hardships tipping decidedly" in his favor. <u>Christian Louboutin</u>, 696 F.3d at 215. According to LoFranco, the denial of access privileges to the World Trade Center site resulted in both the loss of a job and the inability to obtain employment anywhere that uses SWAC as its background screening provider. Such an outcome is, of course, detrimental to him. But the Port Authority's interest in protecting the sensitive World Trade Center site is paramount. And the Port Authority's acute security needs outweigh the hardship that its background screening process may impose on LoFranco. Accordingly, even if LoFranco could show "serious questions going to the merits"—which he cannot—he is not entitled to a preliminary injunction. <u>Christian Louboutin</u>, 696 F.3d at 215. And because LoFranco is unlikely to succeed on the merits, this Court need not consider whether he has shown a likelihood of irreparable harm. <u>See</u> <u>Seaboard World Airlines, Inc. v. Tiger Int'l, Inc.</u>, 600 F.2d 355, 365 (2d Cir. 1979).

CONCLUSION

For the foregoing reasons, LoFranco's application for a preliminary injunction is denied. The parties are directed to appear for a conference on February 1, 2013 at 12:00 p.m. to discuss further proceedings in this case.

Dated: January 11, 2013
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Leah M. Busby, Esq.
Law Office of Ronald L. Kuby
119 W. 23rd Street
New York, NY 10011
*Counsel for Plaintiff*

James M. Begley, Esq.
Karla D. Denalli, Esq.
Margaret M. Taylor-Finucane, Esq.
The Port Authority of New York and New Jersey
225 Park Avenue South
New York, NY 10003
*Counsel for Defendant*